**O**

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$86,425.00 IN U.S. CURRENCY and ONE 2008 CHEVROLET TRAILBLAZER,<br><br>    Defendants. | Case No. 2:13-cv-06614-ODW(JCx)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [17]** |

## I. INTRODUCTION

Plaintiff United States of America ("the Government") filed a Complaint for Civil Forfeiture against Defendants $86,425.00 in U.S. Currency and One 2008 Chevrolet Trailblazer. The Government alleges that the defendant currency represents or is traceable to the proceeds of illegal narcotic trafficking and comprises or is derived from proceeds traceable to a controlled substance violation and is therefore forfeitable to the United States. The defendant vehicle is alleged to have been used or intended to be used in the transport of a controlled substance and is therefore forfeitable to the United States. The Government effectuated service by publication and sent direct notice to known potential claimants. No one filed a claim to

Defendants, and the Clerk of Court entered default. For the reasons addressed below, the Court **GRANTS** the Government's Motion for Default Judgment.[1]

## II. FACTUAL BACKGROUND

On February 27, 2013, law enforcements officers conducted surveillance at David Hermosillo's Los Angeles, California residence. (Compl. ¶ 8.) After seeing Hermosillo exit the residence and enter the defendant vehicle, officers conducted a traffic stop during which time they found Hermosillo to be carrying $620 in U.S. Currency. (*Id.*) Officers notified Hermosillo that they had a search warrant for Hermosillo's residence. (*Id.* at ¶ 9.) Hermosillo then told officers that there was methamphetamine in the residence. (*Id.*)

Officers searched the residence on February 27, 2013 and found large quantities of methamphetamine in the kitchen and backyard. (*Id.* at ¶¶ 10–12.) Also found at the residence were indicators of narcotic trafficking including numerous sandwich baggies and a digital scale, both of which are commonly used to package individualized quantities of narcotics for sale. (*Id.* at ¶10.) Large amounts of U.S. Currency were also found in various locations in Hermosillo's bedroom. (*Id.* at ¶ 11.) The U.S. Currency was in denominations consistent with narcotic trafficking. (*Id.*) The money found during execution of the search warrant makes up the defendant currency and consisted of 492 one hundred dollar bills, 94 fifty dollar bills, 1,618 twenty dollar bills, 13 ten dollar bills, and 7 five dollar bills. (*Id.*) In addition, officers found a loaded firearm in Hermosillo's bedroom. (*Id.*)

Officers also searched the defendant vehicle and found a hidden compartment underneath the passenger seat. (*Id.* at ¶ 13.) The hidden compartment is of the type used to store narcotics, narcotic proceeds, and firearms. (*Id.*) A loaded firearm was recovered from the hidden compartment. (*Id.*)

///

---

[1] Having carefully considered the papers filed in support of this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

On September 10, 2013, the Government filed the civil-forfeiture Complaint against Defendants. (ECF No. 1.) The Government alleges that defendant currency represents or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 *et seq.* (Compl. ¶ 15.) It is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). (*Id.*)

The Government also alleges in the Complaint that the defendant currency constitutes or is derived from proceeds traceable to a controlled substance violation, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D). (*Id.* at ¶ 17.) The defendant currency is therefore also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). (*Id.*)

In addition, the Government alleges in the Complaint that the defendant vehicle was used, or was intended to be used to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance or listed chemical. (*Id.* at ¶ 19.) The defendant vehicle is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4). (*Id.*)

Beginning on September 23, 2013, notice of this action was published for 30 consecutive days on the Government's forfeiture website, http://www.forfeiture.gov. (Rodgers Decl. ¶ 4, Ex. B.)

The Complaint identifies three persons as having a potential interest in the Defendants: David Hermosillo, Dominique Barraza, and Brian A. Ramos. (*Id.* at ¶ 7.) On September 12, 2013, the Government sent by certified mail, return receipt requested, letters to Hermosillo, Barraza, and Ramos at their last known addresses. (Rodgers Decl. ¶¶ 5, 7, 9, Exs. C, E, G.) The letters notified the potential claimants of the filing of the Complaint, enclosed a copy of the Complaint and the Notice, and advised the potential claimants that a claim must be filed by October 17, 2013. (*Id.*) The letters to Hermosillo and Barraza were returned by the U.S. Postal Service with the notations "Unclaimed" and "Return to Sender." (*Id.*)

Also on September 12, 2013, the Government sent additional letters by certified mail, return receipt requested, to both Hermosillo and Barraza in care of their attorney, Jacek W. Lentz. (*Id.* at ¶¶ 6, 8, Exs. D, F.) On September 24, 2013, the Government and potential claimants Hermosillo and Barraza stipulated to extend the time to respond to the Complaint. (ECF No. 4.) The new date for filing a claim was November 18, 2013, with an answer being due no later than December 9, 2013. (*Id.*) A second stipulation to extend time as to Hermosillo and Barraza was entered into, and approved by this Court, on November 12, 2013. (ECF Nos. 8, 10.) The deadline to file a claim was extended to December 16, 2013, with an answer being due no later than January 6, 2014. (*Id.*)

The time to file a claim and the time to file an answer have now expired. To date, none of the potential claimants or anyone else has filed a claim to Defendants or an answer to the Complaint. On January 24, 2014, default was entered by the clerk. (ECF No. 15.) This Motion for Default Judgment was filed on January 27, 2014. (ECF No. 17.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to enter default judgment following the Clerk's entry of default under Rule 55(a). Local Rule C.5 provides that, for in rem proceedings, default may only be entered after the required notice has been given, the time for answer has expired, and no one has appeared to claim the property. Default judgment may be entered under Rule 55(b) any time after the Clerk has entered default. C.D. Cal. L.R. C.5.

The district court has discretion whether to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

But in exercising its discretion, a court must consider several factors, including (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV. DISCUSSION

The Government argues that Defendants are subject to civil forfeiture under 21 U.S.C. §§ 881(a)(4) and (a)(6), and 18 U.S.C. § 981(a)(1)(C) because Defendants are traceable to, used in, or intended to be used in illegal narcotic trafficking and/or controlled substance violations. The Court considers the allegations in the Complaint, the Government's entitlement to forfeiture, and potential claimants' interests in turn.

**A. Merits of the Complaint and Entitlement to Forfeiture**

Taking the allegations in the Complaint as true, the Court finds that the Government has established that Defendants are subject forfeiture.

Under 21 U.S.C. § 841(a), it is unlawful to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Here, the Complaint contains allegations that not only was a substantial amount of methamphetamine recovered from Hermosillo's residence, but there was also evidence of intent to distribute that methamphetamine such as a digital scale, sandwich baggies, and a gun. The defendant vehicle also contained a hidden compartment under the passenger seat of the type known to be used for the transport of narcotics for sale.

Under 21 U.S.C. § 881(a)(6), all moneys and proceeds traceable to an exchange for a controlled substance are subject to forfeiture. Here, the Complaint alleges that the defendant currency was located on the person of Hermosillo and in various

///

locations of the residence where large amounts of methamphetamine were found. The Court finds the defendant currency subject to civil forfeiture.

Under 21 U.S.C. § 881(a)(4), vehicles "which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of controlled substances or related equipment is also subject to forfeiture. Here, the Complaint alleges that a hidden compartment was found in the defendant vehicle of the type used to transport narcotics for sale. The Court finds the defendant vehicle subject to civil forfeiture.

The Government also asserts that Defendants are subject to forfeiture on other grounds as well. The Court finds it unnecessary to address these additional statutory grounds based on the above.

**B.     Notice to Potential Claimants**

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions dictate the notice required in civil-forfeiture cases. Supplemental Rule G(4) requires that the Government effect notice via publication and that the Government send direct notice to known potential claimants.

If the Government elects to post notice on an official internet government forfeiture site, the notice must be posted for at least 30 consecutive days. Supp. R. G(4)(a)(iv)(C). The notice must "(A) describe the property with reasonable particularity; (B) state the times under Rule G(5) to file a claim and to answer; and (C) name the government attorney to be served with the claim and answer." Supp. R. G(4)(a)(ii). Known potential claimants must receive both notice and a copy of the complaint. Supp. R. G(4)(b)(i).

Here, notice of this action was published on the Government's forfeiture website for 30 consecutive days beginning September 23, 2013. The published notice meets all of the requirements of Supplemental Rule G.

The Government also sent the required direct notice to the potential claimants. Hermosillo and Barraza did reach out to the Government to stipulate, not once but

twice, to extend the time to file claims and answers to the Complaint. But the extended deadlines have passed and no claims have been filed. There has also been no response from Ramos, the other potential claimant. The Court therefore finds that the Government properly served all known potential claimants, and the time to file a claim has lapsed.

## V. CONCLUSION

For the reasons discussed above, the Government's Motion for Default Judgment is **GRANTED**. A judgment will issue.

**IT IS SO ORDERED.**

March 4, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**